# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 1:09-CV-01739-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>ORDER DISMISSING UNLAWFUL IMPRISONMENT CLAIM WITHOUT PREJUDICE<br><br>(DOC. 1) |

**Screening Order**

**I.    Background**

Plaintiff Ebone Leroy East ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on September 28, 2009 in the Southern District of California. The case was transferred to the Eastern District of California on October 2, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: warden F. Gonzalez, associate warden J. Negrete, facility captain D. Zanchi, CC II supervisor D. Liles, correctional officer G. Baker, correctional officer N. Brinar, CC 1 L. Wright, correctional officer C. Wallace, CCI, and CDCR.

Plaintiff includes over 150 pages of exhibits in support of his complaint.  Federal courts are courts of notice pleading. Fed. R. Civ. P. 8(a)(2).  Complaints should contain a *short* and plain statement of the claim.  *Id.*  Plaintiff should avoid attaching numerous exhibits if the exhibits would unnecessarily confuse the pleadings, as they tend to do here.

Plaintiff alleges deliberate indifference in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and violation of the Due Process Clause of the Fourteenth Amendment.  Plaintiff seeks as relief an injunction preventing Defendants from (1) housing reception inmates with general population inmates in administrative segregation, (2) withholding inmates' property for more than 24 hours, (3) validating inmates as gang members for reading certain books, and (4) having inmates locked down for 24 hours without at least 30 minutes of day room.  Plaintiff also requests monetary damages and release from prison.

///

1  III.    **Analysis**

2        A.      **Unlawful Imprisonment**

3        Plaintiff alleges that he is incarcerated at CCI for a different crime than the one for which he was convicted and sentenced.  Plaintiff alleges he was convicted under California Penal Code sections 664/273.5 and two other misdemeanors.  (Compl. 13.)  Plaintiff alleges that he was illegally processed and sentenced under Penal Code section 273.5.  (*Id.*)  Plaintiff alleges this violates his due process rights.

8        "When a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  It is clear from Plaintiff's pleadings that his claim of unlawful imprisonment is one for habeas corpus.  Where the complaint alleges claims that sound in habeas and claims that do not, the Court will dismiss the habeas claim without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (dismissing habeas claim without prejudice); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681-82 (9th Cir. 1984) ("If a prisoner seeks both release from confinement and damages or injunctive relief in an action under § 1983, the court may properly dismiss the former claim while retaining the latter.").  Accordingly, Plaintiff's unlawful imprisonment claim is dismissed without prejudice.

20       B.      **Legal Mail**

21       Plaintiff alleges that he was denied the ability to have free and unlimited mail to any court or the Attorney General's office, even though he is an indigent inmate.  (Compl. 14.)  Prisoners have "a First Amendment right to send and receive mail."  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved."  *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *abrogated in part on other*

*grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). It is unclear whether charging prisoners for postage would violate a prisoner's First Amendment rights. However, the Court does not need to reach this issue. Plaintiff's exhibits indicate that CCI has a policy of requiring inmates to either submit a letter for mailing with a "Trust Withdrawl [sic] for postage or may be an indigent envelope." (Compl. 67.) This indicates that Plaintiff could continue to send mail to the courts or the Attorney General's office without cost to indigent inmates. Accordingly, Plaintiff fails to plead a First Amendment claim for denial of outgoing mail.

### C.      Deliberate Indifference

Plaintiff alleges Defendants were deliberately indifferent in violation of the Eighth Amendment. (Compl. 64.) Plaintiff alleges the living conditions violate the Eighth Amendment's prohibition of cruel and unusual punishment, including: no exercise equipment, no eating facility, unsecured bunks with sharp edges, no fire escape routes posted, no working air conditioning, and food trays having to be cleaned in the showers. (*Id.*)

Plaintiff is seeking relief for violation of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Long-term denial of outdoor exercise is unconstitutional. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended by* 135 F.3d 1318 (9th Cir. 1998). Denial of exercise equipment, however, does not give rise to an Eighth Amendment violation. Plaintiff is not constitutionally entitled to exercise equipment.

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *See Lemaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (finding that food that contains foreign objects or is cold does not amount to constitutional deprivation). Here, Plaintiff alleges only that his food is served on trays that were cleaned in the prison showers. This does not give rise to an Eighth Amendment violation. The lack of an eating facility also fails to state a claim.

"Inadequate 'ventilation and air flow' violates the Eighth Amendment if it 'undermines the health of inmates and the sanitation of the penitentiary.'" *Keenan*, 83 F.3d at 1090 (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)). Plaintiff fails to plead any facts that support a claim that the air flow was so inadequate it undermined inmate health and sanitation.

Plaintiff's allegation of bunks with sharp edges does not give rise to an Eighth Amendment violation. Plaintiff fails to allege any facts that indicate Defendants knew of and disregarded a serious risk to Plaintiff's safety or health. *Farmer*, 511 U.S. at 834. "The Constitution 'does not mandate comfortable prisons.'" *Id.* at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

Plaintiff's allegations of no fire escape routes posted does not give rise to an Eighth Amendment violation. Again, Plaintiff fails to allege any facts that indicate Defendants knew of and disregarded a serious risk to Plaintiff's safety or health. *Id.* at 834.

### D. First Amendment - Exercise of Religion

Plaintiff alleges that Defendant C. Wallace failed to deliver Plaintiff's property to him, including his Bible. (Compl. 64.) Plaintiff alleges a violation of the First Amendment's Free Exercise Clause. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Id.* (quoting *Price v. Johnson*, 334 U.S. 266, 285 (1948)). "In order to

5

establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997), *abrogated on other grounds*, *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" *Freeman*, 125 F.3d at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)). Prisoners are not required to "objectively show that a central tenet of [their] faith is burdened" in order to raise a viable free exercise claim. *Shakur*, 514 F.3d at 884. Rather, the belief must be both "'sincerely held'" and "'rooted in religious belief.'" *Id.* (citing and quoting *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)).

A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Beard v. Banks*, 548 U.S. 521, 526 (2006). In determining whether a prison regulation is reasonably related to a legitimate penological interest, the court should consider the following factors: (1) whether there is a valid, rational connection between the regulation and the interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. *Turner*, 482 U.S. at 89-90.

Here, Plaintiff's allegations fail to indicate a violation of the Free Exercise Clause. Plaintiff fails to allege how Defendant's actions prevented him from engaging in conduct mandated by his faith. It is also unclear whether Defendant merely negligently deprived Plaintiff of his Bible, which would not rise to the level of a constitutional violation. *See Lewis v. Mitchell*, 416 F. Supp. 2d 935, 944 (S. D. Cal. 2005).

///

6

### E. Due Process - Property

Plaintiff does not explicitly allege a violation of Due Process regarding his property. As Plaintiff is proceeding pro se, the Court construes Plaintiff's complaint as alleging a deprivation of property in violation of the Due Process Clause. Plaintiff alleges he was deprived of his property for 75 days, even though his property request was granted on July 16, 2009. (Compl. 79-80.)

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

There are no pleadings that support a due process claim for deprivation of property. Plaintiff's allegations indicate at most negligence on the part of Defendant Wallace in failing to provide Plaintiff with his property, which is insufficient to state a cognizable due process claim.

### F. Excessive Force/Failure to Protect And Retaliation

Plaintiff alleges that he had attempted to file a class action 602 inmate appeal regarding the conditions of confinement at CCI. Plaintiff alleges that correctional officers sprayed Plaintiff with pepper spray even though he complied with the officers' order to get down. Plaintiff became panicked and attempted to flee. Plaintiff was burned for three days, and had a rash for two weeks. Defendants G. Baker and N. Briner witnessed the incident.

#### 1. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to

petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff fails to name the correctional officers who allegedly retaliated against Plaintiff for the filing of his inmate grievance.  Plaintiff does not allege that Defendants Baker and Briner were involved in pepper-spraying Plaintiff.  Plaintiff thus fails to state a cognizable First Amendment retaliation claim against them.

### 2. Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotations marks and citations omitted).

8

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Here, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendants Baker and Briner. Plaintiff does not allege that Defendants used pepper-spray on Plaintiff, merely that they witnessed it. Failure to protect against excessive force is only a claim if Defendants had the reasonable opportunity to prevent such force but failed to do so. *See Hoptowit v. Ray,* 682 F.2d 1237, 1250 (9th Cir. 1982).

### G.     Due Process - Gang Validation And Housing

Plaintiff alleges that Defendant L. Wright violated Plaintiff's First Amendment right of freedom of association by labeling Plaintiff a gang member, even though he alleges he is not. (Compl. 84.) Plaintiff claims he is a member of a rap group, not a gang. (*Id.*) Plaintiff also alleges that Defendants Gonzalez, Negrete, Zanchi, Lilis, and Wright violated Plaintiff's due process rights by housing him in an administrative segregation unit next to a validated gang member, even though he is a general population prisoner, due to charging Plaintiff with a disciplinary violation. (*Id.*)

A prisoner's incarcerated status by necessity restricts the scope of a prisoner's associational rights. *Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Thus, Plaintiff must plead how deterring freedom of association of gang members does not serve a legitimate penological interest. *See Turner*, 482 U.S. at 89-90. Plaintiff does not do so, and will likely be unable to do so. Plaintiff does not state a claim for violation of freedom of association.

Plaintiff's main issue is not actually a violation of freedom of association, but rather being mislabeled as a gang member. Plaintiff thus alleges a violation of Due Process under the Fourteenth Amendment.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Placement in administrative segregation, or the Security Housing Unit ("SHU") if done for administrative rather than disciplinary purposes, requires notice to the prisoner, an opportunity for the prisoner to submit information, and non-adversarial review of the information supporting placement. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986). A prison gang validation proceeding is subject to the "some evidence" standard where it is an administrative strategy rather than a disciplinary action. *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). There is no independent assessment of witness credibility or re-weighing of evidence; rather "the relevant question is whether there is any evidence in the record that could support the conclusion." *Hill*, 472 U.S. at 455-56.

Plaintiff generally alleges that conditions in maximum security are a severe impairment of freedom when compared to general population. (Compl. 84.) This allegation is too conclusory to establish a liberty interest. Plaintiff thus fails to state a cognizable due process claim for being

10

validated as a gang member.

Plaintiff also contends that he was improperly housed next to a validated gang member by Defendants Gonzalez, Negrete, Zanchi, Lilis, and Wright.  Plaintiff has no due process right in a specific classification status.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  Plaintiff also fails to establish a liberty interest in avoiding placement in administrative segregation.  Plaintiff is not clear in his complaint, but his submitted exhibits indicate that he was placed in administrative segregation on June 20, 2009, after being charged with assaulting another inmate.  (Compl. 120.)  There appears to be no violation of due process, as Plaintiff was provided with notice of the reason for placement and had an opportunity to be heard on the issue.  Plaintiff fails to establish that being housed next to a validated gang member "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.

    **H.**    **Defendants CCI and CDCR**

Plaintiff names Defendants CCI and CDCR as Defendants.  The Eleventh Amendment bars § 1983 actions against state agencies.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). CCI is a correctional institution operated and controlled by CDCR, and thus is also entitled to Eleventh Amendment immunity.

    **I.**    **Unrelated Claims And Defendants**

Plaintiff alleges numerous claims which the Court finds unrelated.  Namely, Plaintiff's claims for 1) unlawful imprisonment; 2) deprivation of his right to send mail; 3) deprivation of property; 4) conditions of confinement and subsequent retaliation; and 5) gang validation.  Pursuant to Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."   The above five claims do not arise from the same transaction or occurrence.  Thus, if Plaintiff files an amended complaint, Plaintiff must choose only one of the above five claims.  Plaintiff may not choose claim 1, unlawful imprisonment, as the Court does not grant Plaintiff leave to amend as to that claim.  Plaintiff is again reminded that exhibits should not be included if they will unnecessarily

11

confuse the issue.

### IV. Conclusion And Order

Plaintiff's complaint fails to state any claims against any defendants under § 1983. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is reminded that he may not proceed with all five claims in this one action as they arise from a different transaction or occurrence. Fed. R. Civ. P. 20(a)(2). The Court does not grant Plaintiff leave to amend as to his claim for unlawful imprisonment.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under 42 U.S.C. § 1983;

2. Plaintiff's claims regarding unlawful imprisonment is DISMISSED without prejudice from this action;

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

12

first amended complaint curing the deficiencies identified herein; and

5. If Plaintiff fails to respond within thirty (30) days, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 1, 2010**                            **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE