# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST, | CASE NO. 1:09-CV-01739-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (DOC. 14) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

## Screening Order

### I.   Background

Plaintiff Ebone Leroy East ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on September 28, 2009 in the Southern District of California. The case was transferred to the Eastern District of California on October 2, 2009. On September 1, 2010, the Court screened Plaintiff's complaint. Doc. 12. The Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint within thirty days. On September 22, 2010, Plaintiff filed his first amended complaint. Doc. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Complaint**

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: warden F. Gonzalez, associate warden J. Negrete, facility captain D. Zanchi, CC II supervisor D. Liles, and CC 1 L. Wright.

Plaintiff includes over seventy pages of exhibits in support of his complaint, including Title 15 of the California Code of Regulations. Federal courts are courts of notice pleading. Fed. R. Civ. P. 8(a)(2). Complaints should contain a *short* and plain statement of the claim. *Id.*

Plaintiff alleges a violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, and the Eighth Amendment. Plaintiff requests money damages as relief. Plaintiff requests removal of his gang validation from his central prison file. Plaintiff moves for a preliminary injunction to grant him access to the law library. Plaintiff requests appointment of counsel.

///

///

///

III.  **Analysis**

    A.  **Gang Validation**

Plaintiff alleges that Defendants have labeled him a gang member without any evidence, solely because he associates with known gang members.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The Court will assume without deciding that Plaintiff has alleged a liberty interest in not being validated as a gang member and placed in administrative segregation.

Placement in administrative segregation, or the Security Housing Unit ("SHU") if done for administrative rather than disciplinary purposes, requires notice to the prisoner, an opportunity for the prisoner to submit information, and non-adversarial review of the information supporting placement. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986). A prison gang validation proceeding is subject to the "some evidence" standard where it is an administrative strategy rather than a disciplinary action. *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). There is no independent assessment of witness credibility or re-weighing of evidence; rather "the relevant question is whether there is any evidence in the record that could support the conclusion." *Hill*, 472 U.S. at 455-56.

Plaintiff's contention that there is no evidence to support his gang validation is undermined by his own allegations. Plaintiff admits he associates with known gang members. Am. Compl. 83-84.[1] That is sufficient for purposes of due process to find some evidence in support of validating Plaintiff as a gang member. *Bruce*, 351 F.3d at 1287-88. Plaintiff thus fails to state a due process claim.

### B. Racial Profiling, Slander, Defamation

Plaintiff alleges racial profiling by Defendants for labeling him a gang member. Plaintiff contends that solely because he is black, he is labeled a gang member. Am. Compl. 87.

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); *see Iqbal*, 129 S. Ct. at 1949-50.

Plaintiff's allegations are unsupported by any factual allegations. There are no factual allegations that Plaintiff was treated differently on the basis of race. Legal conclusions are insufficient. *Iqbal*, 129 S. Ct. at 1949.

Plaintiff also contends a due process violation for slander and defamation in labeling Plaintiff a gang member. Am. Compl. 94-95. Plaintiff fails to state a cognizable § 1983 claim because injury to reputation alone does not result in the deprivation of a liberty or a property

---

[1] All page references are based on the Court's docketing.

4

interest protected by the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 713 (1976); *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986).

### C.     First Amendment

Plaintiff contends that he should be allowed to participate in calling cadence with known gang members without such activity being used as a means of gang validation. Am. Compl. 95-96. Plaintiff contends that during exercise in individual exercise modules, Plaintiff calls out different workouts with other gang member inmates. Plaintiff contends that such restrictions violation his freedom of speech and freedom of association.

Freedom of association is necessarily curtailed in the prison context. *See Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("'freedom of association is among the rights least compatible with incarceration'")). Regarding regulations on freedom of speech, the Court applies the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The regulation is valid if it is reasonably related to legitimate penological interests. *Id.* at 89. In determining the reasonableness of the regulation, the court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." *Id.* at 89-90.

Plaintiff has failed to allege facts which indicate that there is no valid, rational connection between the regulation and a legitimate government interest. Prisons have a legitimate penological interest in stopping prison gang activity. *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). Identifying which inmates are gang members in prison would serve this penological interest. Classifying an inmate as a gang member who participates in cadence with known gang members during exercise is a rational connection between the regulation and a legitimate government interest.

### D.     Retaliation

Plaintiff alleges that Defendants have denied Plaintiff access to the law library in

5

retaliation for Plaintiff filing this pending action. Am. Compl. 91. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to allege a retaliation claim. Denial of access to the law library is not sufficient to demonstrate an adverse action, or a chilling effect. Allegations of adverse actions that may state cognizable retaliation claims include threat of prison transfer, *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995), arbitrary confiscation and destruction of property, *Rhodes*, 408 F.3d at 568, and exposing an inmate to an unreasonable risk of harm, *see Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (labeling inmate a snitch in front of other prisoners in retaliation for filing inmate grievances). Here, while denial of access to the law library may be inconvenient, it does not rise to the level of an adverse action that has chilled Plaintiff's exercise of his First Amendment rights. Because Plaintiff is proceeding pro se, Plaintiff's pleadings are liberally construed. Additionally, Plaintiff was provided with the legal standard governing retaliation, due process, and Eighth Amendment claims in the Court's September 1, 2010 Screening Order. *See* Doc. 12. Thus, a denial of access to the law library is not so adverse that it would chill the First Amendment rights of a person of ordinary firmness. *See Rhodes*, 408 F.3d at 568-69.[2]

---

[2] If Plaintiff is alleging an access to the courts claim, Plaintiff also fails to state a claim. Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

### E.  Eighth Amendment

Plaintiff alleges a violation of the Eighth Amendment because he is labeled a gang member. Plaintiff contends that being labeled a gang member is more dangerous in the prison system and outside. Am. Comp. 106-07. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim. Plaintiff fails to allege facts which demonstrate that he is exposed to serious risks of harm solely by being labeled a gang member.

### F.  Preliminary Injunction

Plaintiff also requests preliminary injunction in this action, seeking access to the law library. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374 (2008) (citations omitted).

Because Plaintiff has failed to state a claim, he has not demonstrated that he is likely to succeed on the merits. Plaintiff's request for preliminary injunction is denied.

///

---

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. As Plaintiff's amended complaint is currently before the Court for screening, he was not shut out of the Court in this action.

7

## IV. Conclusion And Order

Plaintiff's complaint fails to state any claims against any defendants under § 1983. The Court had previously provided Plaintiff with the opportunity to amend his complaint to cure the deficiencies identified. Plaintiff was unable to state a claim. Accordingly, further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: **March 29, 2011**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE